UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTON JOEY WATTS,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY A. THOMPSON, et al.,<br><br>Defendants. | No. 2:22-cv-2234 KJM KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a former state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

////

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989), <u>superseded by statute as stated</u> in <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); <u>Franklin</u>, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (<u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic</u>, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (<u>quoting</u> <u>Bell Atlantic</u>, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Erickson</u>, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), <u>overruled on other grounds</u>, <u>Davis v. Scherer</u>, 468 U.S. 183 (1984).

<u>Plaintiff's Complaint</u>

Plaintiff alleges the following: Plaintiff was over-sentenced which was cruel and unusual punishment, he was sentenced three or more times for the same crime, and his court hearings were unfair. (ECF No. 1 at 2.) Because a third party followed his case, and a reporter wrote a

2

1  front page story on the case, plaintiff was released early; his original release date was 2030.  (Id.
2  at 3.)  As injuries, plaintiff suffered mental injuries by not knowing what caused the terrible bus
3  accident that took 11 people's lives, including his stepfather.  In 2013, plaintiff was given a CAT
4  scan and diagnosed with a seizure disorder and prescribed Dilantin.  (Id. at 11.)  Thus, contrary to
5  the court's finding that plaintiff intentionally fell asleep at the wheel, the crash was caused by
6  plaintiff's seizure disorder which caused him to black out.

7        Plaintiff suffered an additional nine years' sentence as a result of the numerous and
8  erroneously imposed enhancements for which he seeks money damages.  Plaintiff names as
9  defendants Jeffrey A. Thompson, Colusa County Superior Court Judge, and John R. Poyner,
10 District Attorney of Colusa County.

11 Background

12       Plaintiff was convicted of 11 counts of manslaughter and 23 great bodily injury
13 enhancements at jury trial in the Colusa County Superior Court.  People v. Watts, No. CR50607.
14 (ECF No. 1 at 12, 17.)  On January 4, 2009, he was sentenced; the court stayed 20 of the 23 great
15 bodily injury enhancements, and imposed punishment for three.[1]  (ECF No. 1 at 3.)  His
16 conviction was affirmed on appeal in June 2011, and the California Supreme Court denied review
17 on September 14, 2011.

18       Plaintiff challenged his 2009 conviction in Watts v. Santoro, 2:16-cv-0540 TLN CMK
19 (E.D. Cal.), which was dismissed on October 5, 2017, as barred by the statute of limitations.  Id.

20       In Watts v. Hamann, 2:17-cv-0379 MCE KJN (E.D. Cal.), plaintiff attempted to challenge
21 the validity of the 2009 conviction in a civil rights action, which was dismissed on May 1, 2017,
22 as barred by Heck v. Humphrey, 512 U.S. 477 (1994).  Plaintiff was informed that when seeking
23 money damages for an allegedly unconstitutional conviction or imprisonment, he must prove that
24 the conviction or sentence was reversed on direct appeal, expunged by executive order, declared
25 ////

---

[1] At the time plaintiff was charged and trial was held, "the California Judiciary's interpretation of Penal Code Section 12022.7(g) allowed for the enhancement of manslaughter charges, pursuant to Penal Code Section 12022.7(a), so long as the enhancements were not the same victim as alleged in the manslaughter charge."  (ECF No. 1 at 17.)

invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 487-88.

On January 25, 2021, plaintiff was resentenced in the Colusa County Superior Court pursuant to People v. Cook, 60 Cal. 4th 922, 183 Cal. Rptr. 3d 502 (Feb. 5, 2015) (great bodily injury enhancement cannot be applied to a conviction for murder or manslaughter, even if the injury is inflicted on other victims during the manslaughter). (ECF No. 1 at 17-18.) Under Cook, the trial court was required to strike all of the section 12022.7(a) enhancements, both imposed and stayed. (Id.) The trial court confirmed receipt of the December 15, 2020 letter from the California Department of Corrections and Rehabilitation recommending that the court recall the sentence previously imposed and resentence plaintiff in light of Cook. (ECF No. 1 at 181.) As the trial court explained:

> The Cook decision changed the law that applies to Mr. Watts' case at the time of the sentencing. When Mr. Watts was sentenced, . . . the law permitted the charging of special allegations for great bodily injury to counts specifying charges for vehicular manslaughter when those great bodily injury allegations pertained to persons other than the subject of the underlying count. ¶ The Cook case held, however, that such charging was not permissible when the charge – underlying charge was a variety of homicide. Vehicular manslaughter is a variety of homicide.
>
> Let me emphasize that Mr. Watts was sentenced appropriately at the time of his original sentence. At the time of the original sentence, the Court could have sentenced Mr. Watts to a maximum of 47 years, 4 months. The Court did not do that. . . .

(ECF No. 1 at 19-20.) The trial court found plaintiff was "entitled to the benefit of the change in the law created by the [California] Supreme Court decision in Cook," re-sentenced plaintiff to the mid-term of four years for the violation of Penal Code Section 192(c)(1) in Count I and struck all 23 of the special allegations under section 12022.7. (ECF No. 1 at 21.) The Clerk was directed to prepare a second amended abstract immediately as the court believed plaintiff may "be time served" at that point. (ECF No. 1 at 23.)

Discussion

First, plaintiff seeks to bring a damages action against the judge and prosecutor arising from his 2009 criminal conviction. However, it is well settled that judges are generally immune

4

1  from suit for money damages for judicial acts taken within the jurisdiction of their courts.  See
2  e.g., Lund v. Cowan, 5 F.4th 964, 970 (9th Cir. 2021), cert. denied, 142 S. Ct. 900 (2022).
3  Similarly, it has long been established that prosecutors enjoy absolute immunity from damages
4  suits under § 1983 for activities that are "intimately associated with the judicial phase of the
5  criminal process."  Ray v. Lara, 31 F.4th 692, 699 (9th Cir. 2022).  In this case, defendant
6  Thompson was the judge, and defendant Poyner was the prosecutor, respectively, in People v.
7  Watts, No. CR50607.  Therefore, they are immune from any damages suit related to their
8  involvement in that proceeding.

9      Second, many of plaintiff's allegations attempt to challenge his underlying conviction, for
10  example, alleged sentencing errors, unexplained unfairness at court hearings, and his apparent
11  belief that he was wrongfully convicted based on claims he intentionally fell asleep at the wheel,
12  when he learned in 2013 that the crash was caused by plaintiff's seizure disorder which caused
13  him to black out.  However, as plaintiff has been previously informed, plaintiff may only
14  challenge his underlying conviction through a writ of habeas corpus brought under 28 U.S.C.
15  § 2254.[2]

16      Third, the undersigned is unable to construe the complaint as a petition for writ of habeas
17  corpus under § 2254.  Although a district court may construe a habeas petition by a prisoner
18  attacking the conditions of confinement as a civil rights action under 42 U.S.C. § 1983, see
19  Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the opposite is not true.  A civil rights
20  complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition
21  for writ of habeas corpus.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995)
22  ("When the intent to bring a habeas petition is not clear, . . .the district court should not convert a

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).  The one year statute of limitations also applies to "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(D)

defective section 1983 claim into a habeas petition."). Accordingly, plaintiff's claims sounding in habeas should be dismissed without prejudice to plaintiff's refiling as a petition for habeas corpus pursuant to 28 U.S.C. § 2254. Federal habeas corpus relief is available only when a petitioner is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Plaintiff is advised that the proper respondent in a habeas corpus action is his current custodian. Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004). Such claims should be filed on the court's form for filing a petition for writ of habeas corpus.

Leave to Amend

Although the court would generally grant plaintiff leave to amend in light of his pro se status, amendment is futile in this instance because the deficiencies cannot be cured by amendment. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend); see also Trimble, 49 F.3d at 586 (civil rights complaint seeking habeas relief should be dismissed without prejudice to filing as a petition for writ of habeas corpus).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted; and

2. The Clerk of the Court is directed to send plaintiff the form for filing a petition for writ of habeas corpus under § 2254; and

Further, IT IS RECOMMENDED that:

1. Defendants Thompson and Poyner be dismissed with prejudice;

2. Plaintiff's habeas claims be dismissed without prejudice; and

3. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that

failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 24, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/watt2234.56